**Leona JEFFERS, Plaintiff—Appellant,**

v.

**Michael J. ASTRUE,\* Commissioner of Social Security, Defendant— Appellee.**

**No. 05–35365.**

United States Court of Appeals, Ninth Circuit.

---

\* Michael J. Astrue is substituted for his predecessor Jo Anne Barnhart as Commissioner of

Submitted March 9, 2007.**

Filed May 9, 2007.

Alan Stuart Graf, Esq., Summertown, TN, for Plaintiff–Appellant.

Karin J. Immergut, Esq., Office of the U.S. Attorney Mark O. Hatfield, U.S. Courthouse, Portland, OR, Joanne E. Dantonio, Esq., Social Security Administration Office of the General Counsel, Seattle, WA, for Defendant–Appellee.

Before: GOULD, PAEZ, and RAWLINSON, Circuit Judges.

## MEMORANDUM ***

Plaintiff–Appellant Leona Jeffers appeals the district court's judgment affirming an Administrative Law Judge's ("ALJ") denial of her application for disability benefits. Although the ALJ determined that Jeffers was severely impaired and had significant limitations, he concluded that she was not completely disabled. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

the Social Security Administration. Fed. R.App. P. 43(c)(2).

** This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Cir. R. 36–3.

First, the ALJ provided clear and convincing reasons, supported by substantial evidence, for finding Jeffers' testimony not entirely credible. *See Smolen v. Chater*, 80 F.3d 1273, 1281–82 (9th Cir.1996). Jeffers successfully engaged in a number of significant activities over an extended period of time, including farmwork and full-time attendance at a major university, from which it could reasonably be inferred that her physical and mental limitations were not as severe as she claimed. Also, Jeffers' physicians noted inconsistencies between her self-described limitations and their own objective observations.

Second, the ALJ provided reasons, germane to the particular lay witness, for finding Jeffers' mother's testimony not entirely credible. *See Stout v. Comm'r*, 454 F.3d 1050, 1053 (9th Cir.2006). Jeffers' activities were inconsistent with her mother's testimony that Jeffers almost never left the house.

Third, the ALJ provided clear and convincing reasons, supported by substantial evidence, for rejecting the medical opinions of a treating physician and an examining physician that Jeffers was completely disabled. *See Lester v. Chater*, 81 F.3d 821, 830–31 (9th Cir.1995). Jeffers' activities were inconsistent with these opinions. Also, the doctors relied in part on Jeffers' subjective complaints, which the ALJ rejected as not entirely credible. Finally, the doctors' opinions were inconsistent with some of their own objective observations.

Because the ALJ properly rejected the testimony of Jeffers, her mother, and the two physicians, to the extent they concluded that Jeffers was completely disabled, substantial evidence supports the ALJ's findings regarding Jeffers' limitations. Therefore, the hypothetical that the ALJ posed to the vocational expert based on these findings was not deficient, and the ALJ properly concluded that Jeffers was not entitled to disability benefits.

**AFFIRMED.**